PEOPLE *v.* WILLIAM L. THOMAS.

1. ESCAPE—INSTRUCTION—STATUTES—DISCHARGE BY DUE PROCESS
OF LAW.

Charge to jury in prosecution for escape from prison by defend-
ant who had left custody of his custodian while outside of
prison, wherein trial court included in definition of *prison* por-
tions of statute as amended after commission of the offense
charged expanding definition of prison to include persons
authorized to have prison inmates under their custody *held*, not
reversibly erroneous, since the amendment to the statute had
not amended portion of statute covering defendant's leaving
the prison without being discharged from the prison by due
process of law but had merely expanded the definition (CLS
1956, § 750.193).

2. SAME—DEFINITION.

An escape is effected by a prisoner who removes himself from
the duly imposed restraint over his person and volition (CLS
1956, § 750.193).

3. CRIMINAL LAW—ESCAPE—AMENDMENT OF STATUTE—EX POST
FACTO LAW.

Trial and conviction of escapee under statute penalizing as a
felony the act of a prisoner in leaving a prison without being
discharged therefrom by due process of law, a provision which
was in the statute at time of escape as well as at time of trial

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 19 Am Jur, Escape, Prison Breaking, and Rescue § 2 *et seq.*
[3] 16 Am Jur 2d, Constitutional Law § 401.
[4] 14 Am Jur, Criminal Law § 173.
[5] 14 Am Jur, Criminal Law § 174.
[6] 14 Am Jur, Criminal Law § 164.
[7, 8] 14 Am Jur, Criminal Law § 166.
[9] 14 Am Jur, Criminal Law § 132.
[10, 11] 25 Am Jur, Habitual Criminals § 28 *et seq.*
[12] 14 Am Jur, Criminal Law § 232 *et seq.*
[13] 27 Am Jur, Indictments and Informations § 40.

was not a trial and conviction under an *ex post facto* law by reason of amendment to the statute after commission of the offense whereby the definition of the term *prison* was extended to include the custody of an inmate by authorized persons outside of the institution (CLS 1956, § 750.193, as amended by PA 1958, No 215).

4. SAME—RIGHT TO COUNSEL—WAIVER.

Accused who was unable to procure either of 2 attorneys of his own choice by time of trial and who declined an attorney selected by the court and requested to be his own lawyer impliedly waived his right to counsel.

5. SAME—RIGHT TO COUNSEL.

An accused's right to counsel does not require the appointment of an attorney chosen by the accused (Const 1908, art 2, § 19; CLS 1961, § 775.16).

6. SAME—ACCUSED'S RIGHT TO WITNESSES—FEDERAL CONSTITUTION.

An accused's right to compulsory process for obtaining witnesses in his favor, as guaranteed by the Constitution of the United States applies only to prosecutions by the United States and not to prosecutions by a State (US Const, Am 6).

7. SAME—ACCUSED'S RIGHT TO WITNESSES—DISCRETION OF COURT.

A trial judge has discretionary power to grant the request of an indigent defendant seeking to have witnesses brought before the court, and the exercise of that discretion is not reviewable (Const 1908, art 2, § 19; CL 1948, § 775.15).

8. SAME—ACCUSED'S RIGHT TO WITNESSES—DISCRETION OF COURT.

Denial of accused's request to trial court to subpoena 14 witnesses unaccompanied by any reason why these witnesses should be subpoenaed at State expense *held*, a justified exercise of the court's discretion (Const 1908, art 2, § 19; CL 1948, § 775.15).

9. ESCAPE—TRIAL—ACCUSED'S APPEARANCE IN PRISON UNIFORM AND CHAINS.

Trial court's having accused appear in prison uniform and in chains in front of jury in prosecution for escape from prison *held*, not to have been an abuse of discretion in taking precautionary measures to prevent another escape (CLS 1956, § 750.193).

10. CRIMINAL LAW—ESCAPE—HABITUAL CRIMINAL—PRIOR CONVICTIONS—EVIDENCE—INSTRUCTIONS.

Jury in prosecution for escape from prison and as a habitual criminal was not informed that they had to apply any test other than the reasonable doubt rule by the trial judge's statement

that there was no dispute with reference to previous convictions of felonies, where defendant, acting as his own lawyer, objected to the truth of the convictions at time of their introduction into evidence but did not elect to exercise his right to take the stand and dispute the convictions (CLS 1956, § 750.193; CLS 1961, § 769.12).

11. SAME—HABITUAL CRIMINAL—EVIDENCE OF PRIOR OFFENSES.
Claim that trial court erred in permitting prosecution to introduce testimony with regard to his prior offenses before establishing the *corpus delicti* of offense of being a habitual offender *held*, without merit (CLS 1961, § 769.12).

12. ESCAPE—JURISDICTION OF COUNTY WHERE PRISON IS SITUATED.
The statutory place of trial for the offense of escaping from prison is in the courts of the county wherein are situated the administrative offices of the prison to which the prisoner was committed, not the mere place of his departure, hence, defendant who had left custody of custodian while attending funeral of his sister in a county other than that where prison to which he had been committed was situated was properly tried in county where prison of commitment was located (CLS 1956, § 750.193).

13. INDICTMENT AND INFORMATION—SUBSCRIPTION BY PROSECUTOR.
Statutory requirement that prosecuting attorney subscribe an information is a ministerial matter and an easily corrected error that does not deprive the court of jurisdiction, especially where defect was not raised before trial (CLS 1961, § 767.40).

Appeal from Jackson; Dalton (John C.), J. Submitted Division 2 March 2, 1965, at Grand Rapids. (Docket No. 14.) Decided April 19, 1965. Leave to appeal granted by Supreme Court September 15, 1965. Appeal dismissed April 8, 1966.

William L. Thomas was convicted of escape from prison and as a habitual criminal. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James G. Fleming,* Prosecuting Attorney, for the people.

*William L. Thomas, in propria persona,*

BURNS, P. J.   Appellant is a resident of Southern Michigan prison.   On February 5, 1957, in the custody of Sergeant Elmer Larson, an officer of the Michigan department of corrections, he was permitted to attend his sister's funeral in Detroit.   Upon their arrival in Detroit, appellant was permitted to visit his mother in the hospital.

From the hospital, they went to Diggs Funeral Home.   When it appeared that the receptionist was not there, appellant was instructed to go upstairs and wait outside the office.   After the receptionist arrived, Sergeant Larson went into the office to transact the business of the expense of appellant's trip to Detroit, while appellant waited outside. When Sergeant Larson left the office, he discovered that appellant was nowhere to be found and reported him missing to the prison authorities.

It was not until five years later that appellant was picked up by the police in St. Louis, Missouri, who turned him over to an officer of the Michigan department of corrections.   He was returned to Southern Michigan prison and subsequently was tried and convicted for escaping from prison,[1] his fourth felony conviction.[2]

This appeal from that conviction is based on several objections to the arraignment and trial. Appellant claims that he was denied due process of law by being convicted under an *ex post facto* law, by being denied the right to employ an attorney of his own choosing, by refusal of the trial court to issue compulsory process to obtain witnesses for appellant, and by being prejudiced in front of the jury because of his appearance in prison uniform and in chains.   He further contends that the trial court erred in its charge to the jury regard-

---

[1] CLS 1956, § 750.193 (Stat Ann 1957 Cum Supp § 28.390).
[2] CLS 1961, § 769.12 (Stat Ann 1954 Rev § 28.1084).

ing proof of prior offenses and further erred in allowing the prosecution to introduce testimony regarding the prior offenses before establishing a *corpus delicti.* Finally, appellant argues that the trial court lacked jurisdiction over the controversy because the offense was committed outside of Jackson county and because the information filed was not signed by the prosecuting attorney or by one of his assistants.

The statute in effect at the time of the commission of the act for which defendant was tried reads as follows:

"Any person, being imprisoned in any prison of this State for any term, who shall break prison and escape, or break prison though no escape be actually made, or shall escape, *or shall leave said prison without being discharged from said prison by due process of law,* * * * shall be guilty of a felony." CLS 1956, § 750.193 (Stat Ann 1957 Cum Supp § 28.390). (Emphasis added.)

The lower court in its charge to the jury stated that such was the law to be applied, but the court also added the following paragraph:

"The word 'prison' as used in this section shall include any Michigan State prison and shall further include persons authorized by the department to have prison inmates under their care, custody or supervision, either in an institution or outside an institution, whether for the purpose of work or medical care or otherwise."

It is true, as appellant contends, that this last paragraph states as part of the law at that time, an amended section of the statute[3] which did not come into effect until after the offense was committed for which appellant is charged.

---

[3] PA 1958, No 215 (CLS 1961, § 750.193 [Stat Ann 1962 Rev § 28.390]).

It is the opinion of this Court that the trial judge was in error in so instructing the jury. But this is not sufficient error to be prejudicial to appellant, because the amended statute did not change the law but merely expanded the definition. It is obvious to this Court from a reading of the record below that appellant's acts come under that italicized part of the statute quoted above, which statute was in effect at the time of the escape.

What is necessary to constitute an "escape" has been decided in *People* v. *Richards* (1929), 247 Mich 608, 612:

"In order to be guilty of an escape, a prisoner need not break doors or walls; he escapes if he removes himself from the imposed restraint over his person and volition."

Therefore, it is the opinion of this Court that appellant was not tried and convicted under an *ex post facto* law.

Appellant next contends that he was deprived of his constitutional right to counsel of his own choosing. The record indicates that appellant did contact a lawyer, a Mr. Stuart Dunnings, but could not afford to retain him. He further contacted another lawyer, Mr. Clarence Brown, but appellant stated in open court that Brown could not appear on such short notice to defend him. The lower court properly found that appellant had more than ample opportunity to secure counsel. He had ten months to secure counsel but failed. When appellant appeared at trial without an attorney, the court offered the services of Mr. Goler and appellant refused them.

"*The Court:* To get down to the selection of a jury, I guess first of all we better cover this question of Mr. Goler. Mr. Goler is available here this morning if you wish to counsel with him; but if you tell me

you do not have to counsel with Mr. Goler, I will tell he [*sic,* him] he can be excused. It won't be necessary for him to remain.

"*The Defendant:* That's fine. No, sir, I don't want Mr. Goler in any capacity. *I would have to be my own lawyer here.*" (Emphasis added.)

It is clear then, that appellant did request to be permitted to conduct his own defense and impliedly waived his right to counsel. The right to counsel guaranteed by Constitution 1908, art 2, § 19, and in CLS 1961, § 775.16 (Stat Ann 1959 Cum Supp § 28.1253), does not require the appointment of an attorney chosen by the accused. *People* v. *Kotek* (1943), 306 Mich 408.

Appellant claims abridgement of his right to have the court use compulsory process to obtain witnesses in his behalf and cites the guarantees of both the Federal and Michigan Constitutions. See US Const, Am 6 and Const 1908, art 2, § 19. It is well settled that the guarantee in the Federal Constitution applies only to prosecutions by the United States and not to prosecutions by a State, 97 CJS, Witnesses, § 6 (1957), so our only concern here will be with the Michigan Constitution.

"A constitutional guarantee of compulsory process for witnesses does not necessarily include such process at the expense of the public; but some constitutional provisions are so worded and construed as to entitle accused to process without advancing any fees." 97 CJS, Witnesses, § 7 (1957), p 355.

Seeking then an interpretation of the Michigan Constitution, we find that CL 1948, § 775.15 (Stat Ann § 28.1252) has this to say:

"If any person accused of any crime or misdemeanor, and about to be tried therefor in any court of record in this State, shall make it appear to the satisfaction of the judge presiding over the court

wherein such trial is to be had, by his own oath, or otherwise, that there is a material witness in his favor within the jurisdiction of the court, without whose testimony he cannot safely proceed to a trial, giving the name and place of residence of such witness, and that such accused person is poor and has not and cannot obtain the means to procure the attendance of such witness at the place of trial, *the judge in his discretion may,* * * * make an order that a subpoena be issued from such court for such witness in his favor, and that it be served by the proper officer of the court. * * * The witness therein named shall be paid for attending such trial, in the same manner as if such witness or witnesses had been subpoenaed in behalf of the people." (Emphasis added.)

Thus it is clear that in Michigan an application to summon witnesses at the expense of the government is addressed to the sound discretion of the trial court.

A similar interpretation of a statute has been given in Federal court, where the provision in the Federal code is similar to that in the Michigan statute. The courts have held that it is discretionary with the trial judge whether to grant the request of an indigent defendant seeking to have witnesses brought before the court. The cases further say that the exercise of that discretion is not reviewable. *Goldsby* v. *United States* (1895), 160 US 70 (16 S Ct 216, 40 L ed 343); *Gates* v. *United States* (CCA 10, 1941), 122 F2d 571, cert den 314 US 698 (62 S Ct 483, 86 L ed 558); *Brewer* v. *Hunter* (CCA 10, 1947), 163 F2d 341.

In the instant case, it is clear from the record that appellant was informed by the court that if he would immediately submit to the court a list of his witnesses together with his reasons for calling them, the court would consider his request to sub-

poena these witnesses. It is further apparent that appellant had 14 witnesses but had not given the court any reason why these witnesses should be subpoenaed at State expense. Therefore, it is the opinion of this Court that the trial court acted correctly in exercising its discretion in denying appellant's request for witnesses to be brought by compulsory process on his behalf.

Appellant raises the issue that his appearance in prison uniform and in chains in front of the jury prejudiced his case. He cites a host of cases to the effect that his right today, as at early common law, is to make his appearance free from all shackles or bonds so that no prejudice will be created in the minds of the jury which might interfere with a fair and just decision of the question of his guilt or innocence.

It is admitted that it would have been better in this case if appellant had been brought into .court in civilian clothes and unchained. But:

"It is recognized that it lies within the discretion of the trial court to have the prisoner shackled *when it is manifest that such a precaution is necessary to prevent violence or escape,* and an appellate court will not revise the trial court's action except in a clear case of abuse of discretion." 14 Am Jur, Criminal Law, § 132 (1938). (Emphasis added.)

It must be remembered that appellant in this case had once escaped from prison, and therefore it is understandable that the trial court would think it necessary to take precautionary measures to prevent another escape. It is the opinion of this Court that though the action of the trial court in so chaining appellant during the trial is not recommended, yet the exercise of the court's discretion is not considered so abusive as to be reversible error.

Appellant next contends with regard to his prior offenses that the trial court instructed the jury that the test to be used was that of "preponderance of the evidence" rather than "reasonable doubt." In fact, the judge merely stated to the jury in his charge that there was no dispute with reference to the previous convictions of felonies. This was true because defendant, having the right to take the stand and dispute these convictions, did not choose to do so. Appellant's objection to the truth of these convictions at the time of their introduction into evidence cannot be considered a disputation of the evidence so presented. This charge to the jury then did nothing more than state what in fact had happened during the course of the trial and did not inform the jury that they had to apply any test other than the reasonable doubt rule used in criminal cases.

Another contention of appellant is that the trial court erred in permitting the prosecution to introduce testimony with regard to his prior offenses before establishing the *corpus delicti* of this offense. He cites in his behalf the case of *People* v. *Zwierkowski* (1962), 368 Mich 56, a case concerned with the necessity of establishing the *corpus delicti* before a voluntary confession can be introduced into evidence, and therefore not in point. We find no merit to this claim.

We come finally to the jurisdictional questions raised on appeal. Appellant contends that if the escape took place, it was from a guard in Detroit and not from a prison in Jackson. Therefore he claims that Wayne county and not Jackson county has jurisdiction over him.

The place of trial for the offense of escaping from prison is clearly stated in CLS 1956, § 750.193 (Stat Ann 1957 Cum Supp § 28.390):

"Such prisoner who shall break prison or escape or attempt to break prison or attempt to escape as aforesaid, shall be charged with said offense and tried in the courts of the county wherein the administrative offices of the prison may be, to which said prisoner was committed or transferred, at the time of the breaking, escape, or attempt to break or escape."

The intent of this statute is further elucidated in the case of *People* v. *Richards* (1929), 247 Mich 608, 612, 613:

"The right of an accused to be tried in the jurisdiction where it is alleged he committed crime is ancient and valuable and should be maintained. But, in the case of escape of a prisoner, in confinement under sentence to a State prison, is the mere place of the act to fix the venue or may the act itself, in its relation to the imprisonment, be declared by law to fix the venue? * * * It is true that he [the defendant] departed from custody in Clinton county, but his escape was from imprisonment in the State prison, and such escape, *and not the mere place of his departure,* was the gist of the offense, and he cannot be heard to say that he has been deprived of a constitutional right by trial in Jackson." (Emphasis added.)

The next jurisdictional question raised by appellant and the final question on appeal concerns the lack of the prosecuting attorney's signature on the information. It is true that CLS 1961, § 767.40 (Stat Ann 1954 Rev § 28.980) provides that the prosecuting attorney should subscribe his name to the information. But it has also been held that the lack of such a signature, or some other impropriety in the information when it is filed, does not deprive the court of jurisdiction. Rather such matters are considered ministerial, and the error involved can be easily corrected. *Dimmers* v. *Hillsdale Circuit Judge*

(1939), 289 Mich 482; *In re Elliott* (1946), 315 Mich 662. It will be noted that this defect in the information should have been raised by appellant before the trial.

Having carefully considered the points raised by appellant in his brief, it is the opinion of this Court that there was no error in the court below sufficient to reverse the judgment. Judgment is hereby affirmed.

HOLBROOK and WATTS, JJ., concurred.