PEOPLE v. DUPLISSEY.

1. CRIMINAL LAW—PURPOSE OF SHACKLING A DEFENDANT DURING TRIAL.
    Ordinarily the shackling and manacling of a defendant during a criminal prosecution should only be permitted to prevent the escape of a prisoner or to prevent him from injuring bystanders and officers of the court or to maintain a quiet and peaceful trial.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 240.
[2] 53 Am Jur, Trial §§ 56, 59.

2. SAME—SEPARATE TRIAL—PREJUDICE.

> Denial of timely sought separate trial to defendant being tried with 3 others who refused to be seated in the courtroom and refused to allow the judge to announce his rulings without interruption, resulting in all defendants being handcuffed and an announcement that, if necessary, they would be gagged *held,* an abuse of judicial discretion, the conduct of the 3 codefendants having prejudiced the trial of the nonoffending defendant-appellant.

Appeal from Court of Appeals, Division 3, Holbrook, P. J., and Burns and Fitzgerald, JJ., denial of application for delayed leave to appeal from Oakland, Holland (H. Russel), J. Submitted December 7, 1967. (Calendar No. 49, Docket No. 51,622.) Decided February 9, 1968.

Marion Duplissey was convicted of armed robbery and conspiracy to commit armed robbery. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Bruce T. Leitman,* Assistant Prosecuting Attorney, for the people.

*Marion Duplissey, in propria persona.*

O'HARA, J. Our grant of leave (379 Mich 751) was "limited to whether the defendant and appellant should have been tried while handcuffed and whether the defendant and appellant should have been granted a separate trial."

Appellant and three others were tried on charges of armed robbery[1] and conspiracy to commit armed robbery.[2] In the first trial a mistrial was granted.

---

[1] CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797);
[2] CLS 1961, § 750.505 (Stat Ann 1954 Rev § 28.773).

The case was docketed for a new trial in the next term of the circuit court. When the case was called the codefendants, other than appellant, moved for a continuance on the ground that a partial transcript ordered by them had not been completed. The trial judge denied the motion. Thereupon, two of defendant's three codefendants embarked on an announced course of conduct which would make it impossible to proceed with the trial. They refused to be seated in the courtroom. They refused to allow the trial judge to announce his rulings without interruption. Their statements included:

"We refuse to be tried by this court.   *   *   * You will have to knock me unconscious."

The situation became so intolerable the trial judge, after entreating the obstreperous defendants to maintain proper courtroom decorum, finally ordered them handcuffed and announced that, if necessary, they would be gagged. Part of the foregoing took place in the presence of the whole jury panel summoned for the term.

A careful reading of the record reveals that defendant-appellant here took no part in any of the foregoing described conduct. When the trial judge questioned the codefendants as to their future intentions, appellant replied through his counsel as follows:

"*Mr. Peres:* If the Court please, I would like to speak on behalf of my client before the jurors are brought in. I would also request that the Court hear a motion at this time, if I may proceed.

"*The Court:* Well, let's get the matter over with first.   *   *   *

"*Mr. Peres:* If the Court please, in this matter there are four respondents; Mr. DuPlissey is my client. It is our contention that the occurrence, the actions that happened here in this courtroom this

morning, in the presence of the entire jury panel, has prejudiced my client Mr. DuPlissey.

"We feel at this time that a motion for a separate trial, that he be tried individually, is in order and would request at this time that the Court grant us a separate trial in front of a completely different jury panel, which would have to be the next term.

"The occurrence, the outbreak that happened here this morning did occur in the presence of the entire jury panel, and it is our contention as result of this outbreak, it is impossible for us, for Mr. DuPlissey, to receive a fair, impartial trial as result of the actions of the other respondents, and at this time we would request that he be tried separately. * * *

"*The Court:* I am hoping in presenting this case to the jury that we can stick to the facts of the case and not to the facts of attitudes and demeanors in the courtroom this morning. But if those things come into play, I am sure, Mr. Peres, *that you can point with pride to the conduct and demeanor and behavior of your client,* and that the jury will. not be prejudiced against him because of the conduct indulged in by others. Your motion for separate trial will be and is denied." (Emphasis supplied.)

Thereafter, appellant was handcuffed along with the other codefendants and remained so throughout the trial. No Michigan case is cited to us, nor do we find one dealing with the precise point. Expressive of the general rule is the holding of the United States court of appeals for the 10th circuit:[3]

"Freedom from shackling and manacling of a defendant during the trial of a criminal case has long been recognized as an important component of a fair and impartial trial. 14 Am Jur, Criminal Law, § 132. Ordinarily such procedure should be permitted only to prevent the escape of the prisoner or to prevent him from injuring bystanders

---

[3] *Odell* v. *Hudspeth* (1951), 189 F2d 300, 302.

and officers of the court or to maintain a quiet and peaceable trial." (Citing cases.)

Despite our sympathy for the sorely vexed trial judge, from a fair reading of the record, we can only conclude that appellant was so prejudiced by trial with the codefendants, whose conduct has been herein described, as to render the denial of his motion timely made for a separate trial an abuse of judicial discretion. On this ground we vacate the order of the Court of Appeals denying appellant's application for a delayed appeal, grant a separate trial, and remand to the circuit court for further proceedings.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, SOURIS, ADAMS, and BRENNAN, JJ., concurred.