## PEOPLE v. KING

1. CRIMINAL LAW—CONSTITUTIONAL LAW—IDENTIFICATION—LINEUP—DUE PROCESS.

   Lineup procedure was not unnecessarily suggestive or conducive to irreparable mistaken identification so as to deprive the defendant of due process where a witness to an armed robbery selected defendant's photograph from more than one batch of photos a month after the robbery, and a week after that selected defendant from a six-man lineup, whereupon the police informed him that his selection was the man who supposedly held him up.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—IDENTIFICATION.

   Witness's identification of defendant as a robber from an unspecified number of pictures and information by police that she had picked the right man, followed by identification of defendant in lineup, was not so impermissibly suggestive as to give rise to a very substantial likelihood of an irreparable misidentification, where the witness had ample opportunity to view the robber because the robbery took 10 or 15 minutes and defendant wore no facial covering but sunglasses, and at one point grabbed her hair.

3. APPEAL AND ERROR—SAVING QUESTION FOR REVIEW—JURY INSTRUCTION.

   Absent a miscarriage of justice the Court of Appeals will not consider defendant's allegation on appeal that the trial judge did not properly instruct the jury, where he made no objection to the instructions at trial (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 January 14,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 368.
[3] 5 Am Jur 2d, Appeal and Error § 545.

1970, at Detroit. (Docket No. 6,883.) Decided March 25, 1970. Leave to appeal granted May 21, 1970. 383 Mich 785.

Alphonso King, Jr., was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* and *Arthur Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: DANHOF, P. J., and FITZGERALD and Mc-GREGOR, JJ.

McGREGOR, J. Defendant was convicted by a jury of armed robbery, MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797). On November 21, 1968, defendant was sentenced from 15 to 25 years in prison; his motion for new trial was denied, and he appeals.

Defendant testified that on the night of the robbery of the bar in question, he was at the bar with a companion, and that they had a beer. His companion indicated that he had a revolver and told the defendant that he was going to rob the bar. The defendant told him not to do so, that "I (the defendant) know too many people around here." Defendant testified further that his friend thereupon scolded him and told him that he would get another person to help him. Defendant asserts that he did not know that it was his companion's intention to rob this bar until after he got into the bar and had

his beer. Although he testified that he never discussed robbing this bar, he did admit that he was present as a passenger in a car during a discussion about a robbery, with two men who he claims did commit the robbery. Defendant stated that, upon leaving the bar, he went in one direction, and his companion went in another to get another person to help him with the robbery.

Defendant testified further that the two alleged holdup men came to the porch where he was sitting, that the three of them went inside, and that he watched them count out $90, the proceeds from the robbery, and divide it equally. The owner of the bar testified that he was held up by two armed men, one of them being the defendant, and that he and a barmaid and five or six customers were present.

In this appeal, defendant claims that the police made certain prejudicial remarks to the two identifying witnesses, the bar owner and the barmaid, which tended to suggest and reinforce their identifications of the defendant. Defendant contends that, after one witness identified the defendant at the lineup, the police informed him (the bar owner) that "he was the man who was supposed to have held me up." In addition, the barmaid testified that the police told her, after she had selected the defendant's photograph, that she had picked out the right man.

Although the robbery in question was committed in the nighttime, the bar was well lighted. Both witnesses had ample opportunity to view the defendant, since the robbery took 10 to 15 minutes to consummate, and the defendant wore no mask or other facial covering other than sunglasses.

We shall first deal with the bar owner's allegedly tainted lineup identification. About a month after the robbery, the bar owner positively selected the

defendant's photograph from some pictures. Although the exact number of pictures which he viewed was not disclosed, it was described as more than one batch. About a week later, this witness again selected the defendant from a lineup consisting of six men. It was after this lineup that the police allegedly made a statement concerning the witness's identification of defendant. This Court also notes that the witness was particularly candid when testifying, and readily admitted that he was unable to make a positive identification of the other robber. The defendant makes no other appellate allegations other than that the statement by the police rendered improper the in-court identification. We conclude that, under the circumstances, the lineup procedure was not "unnecessarily suggestive and conducive to irreparable mistaken identification" so as to deprive the defendant of due process. *Stovall* v. *Denno* (1967), 388 US 293, 302 (87 S Ct 1967; 18 L Ed 2d 1199, 1206).

We next turn to the issue of whether the barmaid's identification by photograph was so "impermissibly suggestive as to give rise to a very substantial likelihood of the irreparable misidentification." *Simmons* v. *United States* (1968), 390 US 377, 384 (88 S Ct 967; 19 L Ed 2d 1247, 1253). This witness also had ample opportunity to observe the defendant throughout the robbery, and at one point, the defendant allegedly grabbed her hair. About a month later, she was shown an unspecified number of pictures from which she selected the defendant's. It was subsequent to this selection that the police informed her that she had picked the right man.

After the photographic identification, the witness identified this defendant in a lineup. Defendant's principal allegation of error is that the police made

this single statement to the witness, after her photographic selection of the defendant. Defendant does not assert that, prior to the photographic identification, the barmaid was unknowingly led to believe by suggestion or intimation of any kind that the defendant's photograph would be among those shown to her. The testimony of the witness, as well as that of the bar owner, was unshaken upon cross-examination. No reversible error was committed here.

Defendant alleges on appeal that the trial judge did not give proper instructions to the jury. However, no objections to the instructions were made at trial. In the absence of a miscarriage of justice, this Court will not consider this alleged error when raised for the first time on appeal. *People* v. *Floyd* (1968), 15 Mich App 284, 288.

Defendant claims prejudicial error was committed by the trial court in its comments on the evidence. This Court has held that Michigan statutes and court rules permit comment by a judge "on the evidence, testimony and character of any witnesses, as in his opinion the interest of justice may require." CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052) ; GCR 1963, 516.1 and 516.2. We have examined the judge's comments and, although they may have fallen short of the ideal, they are not so prejudicial as to warrant reversal.

Affirmed.

All concurred.