## PEOPLE v. ANDERSON

1. CRIMINAL LAW—IDENTIFICATION—PHOTOGRAPHIC IDENTIFICATION—
   DUE PROCESS.

   A photographic identification procedure of the defendant
   charged with assault with intent to commit murder was sug-
   gestive where the photograph of defendant was of a different
   type than other photographs shown the complainant, the de-
   fendant being the only subject with Indian features, the
   complainant had been alerted to the fact that one of the
   men whose picture she was shown had been arrested, and
   the photographs were shown after defendant's arrest and
   without benefit of counsel; however, the subsequent in-court
   identification of defendant was not tainted by this suggestive
   photographic identification procedure where the in-court iden-
   tification had independent origins in that the complainant
   had seen the defendant four or five times in the bar in which
   she worked, had seen him earlier in the evening of the
   assault, and was able to observe his face during the assault.

2. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHS OF VICTIM—ADMISSI-
   BILITY.

   Photographs detailing the nature and extent of wounds in-
   flicted on the victim of the crime with which defendant is
   charged may be admitted at the defendant's trial where
   they reveal the atrociousness of the crime or the malice with
   which it was committed.

3. CRIMINAL LAW — EVIDENCE — PHOTOGRAPHS — ADMISSIBILITY —
   DISCRETION.

   Admissibility in a criminal case of photographs objected to as
   prejudicial and inflammatory is within the discretion of the
   trial court.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[4, 5] 21 Am Jur 2d, Criminal Law § 240.

4. CRIMINAL LAW—SHACKLING DEFENDANT—FAIR TRIAL—PREVENTION OF ESCAPE.

    A defendant's freedom from shackling with handcuffs during his trial is the general rule to insure a fair trial; however, shackling may be permitted to prevent the escape of a prisoner.

5. CRIMINAL LAW—SHACKLING DEFENDANT—JUSTIFIABLE RESTRAINT—PREJUDICE.

    Handcuffing the defendant during his trial was justifiable and not error where the defendant had been taken to a parking lot outside of the courthouse shortly before the jury arrived at the parking lot and the defendant, with his hands bound behind him, was seated in the back seat of an automobile, because the restraint was justified to prevent escape and because the jury was unlikely to have seen the handcuffs and removing them would have only drawn attention to the handcuffs.

Appeal from Midland, James R. Rood, J. Submitted Division 3 December 11, 1970, at Lansing. (Docket No. 8275.) Decided January 20, 1971. Leave to appeal granted May 7, 1971. 384 Mich 838.

Franklin Anderson was convicted by a jury of assault with intent to commit murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *Robert G. Fraser,* Chief Assistant Prosecuting Attorney, for the people.

*Sinclair, Edwards & Clulo,* for defendant on appeal.

Before: FITZGERALD, P. J., and QUINN and McINTYRE,* JJ.

FITZGERALD, P. J. Defendant Franklin Anderson was tried by a jury and convicted of assault with in-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

tent to commit murder.[1]  On September 19, 1969, he was sentenced to life imprisonment.  Defendant's arrest and subsequent conviction arose out of the brutal assault and rape of Eleanor Grusznski in a wooded area of Midland County on June 1, 1969.  As a result of the attack, the woman sustained a broken jaw, numerous knife wounds, and a cut throat.  The victim was taken to a hospital where she eventually recovered.

While in the hospital emergency room, complainant was able to provide the police with a description of her assailant whom she noted as being an Indian, six feet tall, and weighing approximately 200 pounds.  On the basis of this information, defendant was arrested.

A photograph of defendant, along with those of five other men was shown to complainant shortly after she returned from surgery.  She identified defendant as her assailant.  This first identification was made about 18 hours after the assault.  She again identified defendant when shown the photographs the next day.

Before the trial began, defendant brought a motion to suppress the in-court identification made during the preliminary examination, arguing that it was irreparably tainted by the earlier photographic identification.  After hearing testimony, the court denied the motion.

Several allegations of error are raised on this appeal, the first of which concerns the identification procedure and whether it was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification.  *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247) ; *People* v. *King* (1970), 22 Mich App 590.  Defendant contends that the in-court identification was

---

[1] A violation of CL 1948, § 750.83 (Stat Ann 1962 Rev § 28.278).

tainted by the earlier photographic display in that the photograph of defendant was of a different type from the others, defendant was the only one with Indian features, complainant had been alerted to the fact that one of the men had been arrested, and the photographs were shown to complainant after defendant's arrest and without benefit of counsel.

An examination of the record in the present case discloses that while the procedures followed in the photographic display were suggestive, they were not impermissibly so in light of complainant's prior opportunities to view defendant. She had seen defendant in the bar where she worked on four or five different occasions as well as earlier in the evening on which the crime was committed. In addition, complainant was able to observe the man's face during the assault. Therefore, the challenged identification clearly had a basis independent of the photographic identification and was not tainted by the photographic identification. *People* v. *Hutton* (1970), 21 Mich App 312.

We next consider the propriety of admitting into evidence colored slides depicting complainant's condition at the time she was taken to the hospital. The prosecution sought to have admitted a number of these photographic slides which showed the nature and extent of the victim's wounds. Defendant objected, contending that they were immaterial and highly inflammatory. The trial court admitted only four of these pictures, ruling that the rest would be repetitious.

All four of the slides that were admitted show the head and neck of the victim as she lay on a bed in the hospital emergency room. It appears that the pictures were taken before any extensive medical treatment had been undertaken. In *People* v. *Eddington* (1970), 23 Mich App 210, this Court re-

viewed the admissibility of photographs detailing the condition of two murder victims. It was held that where photographs are utilized in detailing the nature and extent of wounds inflicted upon these victims, they were admissible for the purpose of clarifying and illustrating the victims' appearance to show the atrociousness of the crime or the malice with which it was committed. Hence, in the case at hand, the photographs were properly admitted for purposes of demonstrating the nature and extent of the wounds, which would aid the jury in determining the intent with which the crime was committed. Furthermore, *Eddington, supra,* as well as *People* v. *Turner* (1969), 17 Mich App 123, have held that the admission of photographs objected to as prejudicial and inflammatory are within the trial court's discretion. This Court, on the basis of the facts, is unable to find that the trial court abused its discretion in admitting the disputed photographs.

Next, we consider the error which allegedly resulted during the trial when the jury was taken to a parking lot outside the court to view complainant's and defendant's automobiles. To avoid possible prejudice to defendant, the court ordered that defendant be taken to the parking lot before the jury's arrival, his handcuffs removed, and that he be placed in the rear seat of an automobile. The jury arrived at the parking lot before the handcuffs could be removed and defendant was placed in the back of an automobile with his hands bound behind him. A motion for mistrial was made and subsequently denied, the trial court indicating that it was unlikely the jury could even see that defendant was handcuffed.

Under the circumstances, the possibility of prejudice is slight. Even if the jury had seen defendant handcuffed, such restraint would have been

proper. While freedom from shackling during the trial of a criminal case is a general rule to insure a fair and impartial trial, shackling may be permitted to prevent the escape of a prisoner. *People* v. *Duplissey* (1968), 380 Mich 100. Therefore, in light of the facts that it was unlikely the jury was able to see that defendant was handcuffed, and removing the handcuffs at that time would have only drawn attention to the situation, and that defendant was outside the confines of the courthouse, increasing the possibility of escape, such restraint was justifiable.

The last assignment of error concerns the propriety of certain remarks and questions made by the prosecution which it is contended cast doubt upon the integrity of defense counsel and were prejudicial. Such a position is clearly without merit, for whatever prejudice might have resulted from the prosecution's attempts to elicit testimony of defense counsel's conduct was cured by the trial court's cautionary instructions. In addition, the statements of the prosecutor made during his summation were clearly made in response to defendant's closing argument. They do not appear to be in the nature of an attack on defense counsel's integrity and were not of a prejudicial character. Hence, on the basis of the record we conclude that such statements did not deny defendant a fair and impartial trial.

Affirmed.

All concurred.