PEOPLE v JANKOWSKI

Docket Nos. 65485, 65486. Submitted July 13, 1983, at Lansing.—
Decided October 4, 1983.

John R. Jankowski was arrested and charged in Bay Circuit
Court with unarmed robbery. While free on bond awaiting
trial, he failed to make a required court appearance. Two years
later he was arrested in Texas and returned to Michigan.
Defendant was convicted by a jury in Bay Circuit Court of
absconding or forfeiting bond. He subsequently pled guilty to
being an habitual offender. Two weeks later defendant was
convicted by a jury in Bay Circuit Court of unarmed robbery
and, immediately thereafter, of being a fourth-felony offender.
Defendant was sentenced to from 10 to 15 years imprisonment
on the absconding and habitual offender convictions and to
from 15 to 50 years imprisonment on the unarmed robbery and
its accompanying habitual offender convictions, the sentences
to run concurrently, Eugene C. Penzien, J. Defendant filed
separate appeals in the two cases. The appeals have been
consolidated. *Held:*

1. The trial court did not abuse its discretion in permitting
the handcuffing and shackling of defendant during the course
of the trials.

2. The trial judge did not improperly refuse to disqualify
himself from hearing the cases. No actual bias on the part of
Judge Penzien was shown.

3. Any error which may have occurred by the trial court's
commenting on defendant's proposed testimony was either
harmless error or error which benefitted defendant. Defen-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law §§ 651, 700, 844-846.

Propriety and prejudicial effect of gagging, shackling, or otherwise
physically restraining accused during course of state criminal
trial. 90 ALR3d 17.

[2] 67 Am Jur 2d, Robbery §§ 16, 20 *et seq.*

[3] 21 Am Jur 2d, Criminal Law §§ 3, 4.

29 Am Jur 2d, Evidence § 530.

30 Am Jur 2d, Evidence § 1142.

dant's contention that the trial court's comments were improper and coerced him into remaining silent is rejected.

4. The trial court did not err in failing to instruct on the lesser included offense of larceny from the person. Defendant abandoned his request for such an instruction.

5. The trial court did not err in ruling that defendant could be impeached by evidence of a 1976 conviction for larceny from the person and 1972 convictions for larceny in a building and breaking and entering.

6. Defendant was not denied effective assistance of counsel on the unarmed robbery charge.

7. The corpus delicti of the habitual offender offense in connection with the unarmed robbery conviction was established and there was sufficient evidence produced to support defendant's conviction on the habitual offender charge.

8. Defendant was not denied effective assistance of counsel on the absconding charge.

Defendant's convictions are affirmed.

1. Criminal Law — Trial — Shackling of Defendant.

The shackling of a defendant during trial is ordinarily permissible only to prevent escape, to prevent injury to bystanders and officers of the court, and to maintain an orderly trial.

2. Robbery — Unarmed Robbery — Intent.

A defendant's original intent in going to the scene of an unarmed robbery with which he is charged is unimportant so long as he intended to permanently deprive the victim of his property and the taking was accomplished through an assault or threat of violence (MCL 750.350; MSA 28.798).

3. Criminal Law — Corpus Delicti — Confessions.

The corpus delicti of an offense is established by proof which permits a reasonable inference that all of the essential elements of the crime have been perpetrated and that someone's criminality was responsible for commission of the acts; there need be no proof that a particular person was that "someone" prior to the admission of a confession into evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Spector,* for defendant on appeal.

Before: M. J. KELLY, P.J., and R. B. BURNS and R. A. BENSON,* JJ.

PER CURIAM. In Docket No. 65485, following a jury trial, defendant was convicted of unarmed robbery. MCL 750.530; MSA 28.798. Immediately following this trial, a second jury trial was conducted on a supplemental information charging defendant as a fourth-felony offender, at the conclusion of which defendant was convicted of being an habitual offender.

While defendant was free on bond awaiting trial on the unarmed robbery charge, he failed to make a required court appearance. Some two years later he was arrested in Texas and returned to Michigan. In this case, Docket No. 65486, defendant was convicted by a jury of absconding or forfeiting bond, MCL 750.199a; MSA 28.396(1), and subsequently pled guilty to being an habitual offender, MCL 769.12; MSA 28.1084.

In Docket No. 65485, defendant was sentenced to serve a term of from 15 to 50 years imprisonment. In Docket No. 65486, defendant was sentenced to serve a term of from 10 to 15 years imprisonment. The sentences in the two cases are to be served concurrently.

Other facts will be discussed where relevant to the specific issues to be resolved in these appeals.

## ISSUES COMMON TO DOCKET NOS. 65485 AND 65486

At the request of the prosecution and over defense counsel's objections, during the course of all of the trials, defendant's legs were shackled and his wrists were handcuffed. Defendant asserts that

* Circuit judge, sitting on the Court of Appeals by assignment.

all of his convictions must be reversed because the trial court abused its discretion in permitting the handcuffing and shackling, alleging that there was "no manifest necessity" for this course of action.

It is clear that the handcuffing and shackling of a defendant during trial is an extraordinary measure which should only be undertaken in extraordinary circumstances. *Illinois v Allen,* 397 US 337; 90 S Ct 1057; 25 L Ed 2d 353 (1970); *People v Duplissey,* 380 Mich 100; 155 NW2d 850 (1968). In *Duplissey,* the Michigan Supreme Court determined that ordinarily the shackling of a defendant during trial is permissible only to prevent escape, to prevent injury to bystanders and officers of the court, and to maintain an orderly trial. 380 Mich 103-104.

In these cases, the trial court ordered the shackling and handcuffing of defendant because it was worried about the possibility of an escape. Several facts justified the court's concern over a possible escape. First, defendant had indicated to the prosecutor that he would rather die than go to prison. Second, defendant actually had absconded while on bond prior to the trials. Third, the same courtroom in which defendant was tried had been the site of two separate escapes within the year preceding defendant's trial. Finally, the alternative method of securing the courtroom would have required the stationing of five sheriff's deputies in the court. The trial court also noted that the shackles and handcuffs placed on defendant were unobtrusive. In fact, the trial court did not notice them in three prior appearances by defendant. See *People v Anderson,* 29 Mich App 578, 583; 185 NW2d 624 (1971), *aff'd* 389 Mich 155; 205 NW2d 461 (1973).

While this is a close question because the record

fails to show that the court had any compelling reason to be concerned about an imminent escape attempt (for instance, the record fails to show that defendant had threatened to escape), taking the totality of the circumstances, we cannot say that the court abused its discretion in this regard. See *People v William L. Thomas,* 1 Mich App 118, 126; 134 NW2d 352 (1965).

Defendant also contends that the trial judge improperly refused to disqualify himself from these cases. Following the adverse decision of the trial judge, Judge Eugene Penzien, on the disqualification motions, defendant sought review of Judge Penzien's rulings pursuant to GCR 1963, 912.3(c)(1). Thereafter, Judge John X. Theiler denied defendant's motions to disqualify Judge Penzien. In so doing, Judge Theiler issued a lengthy opinion, the following excerpts from which we adopt as our own:

"GCR 1963, 912 is a rule covering disqualification of a judge; Rule 912.1 provides that the issue may be raised by motion; Rule 912.2(a) provides the grounds. The grounds that appear necessary to consider are as follows:

" '(2) is personally biased or prejudiced for or against a party or an attorney; * * *

" '(4) was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding 2 years; * * *

" '(7) for any other reason is disqualified by law.'

"We have previously considered whether or not Judge Penzien is disqualified to sit on criminal cases because of the fact that he was the prosecuting attorney for Bay County when he was elected to the circuit bench. It continues to be our opinion that the mere fact that he was a prosecuting attorney does not bring himself within the meaning of Rule 912(4). See *People v Delongchamps,* 10[3] Mich App 151 (1981). Accordingly, it is our opinion that Judge Penzien is not disqualified to

sit on this case merely because he was the prosecuting attorney in previous years. In any event, Rule 912.2(a)(4) is no longer directly applicable since Judge Penzien has now been on the bench for more than two years, having been sworn in on January 1, 1979.

\* \* \*

"Having read the transcript of the matters as presented to Judge Penzien and his statements on the record, we are not satisfied that what occurred demonstrates the present existence of any personal bias or prejudice against the defendant that would be prejudicial to him in the trial of a jury case. We do note that the trials in question are not bench trials, but are jury trials, and the judge will not be required to exercise any function akin to a jury's function of fact-finding, although that has been ruled to be a distinction without significance. *People v Tebedo,* 107 Mich App 316 (1981).

"Whether a judge is personally biased or prejudiced, of course, is a subjective matter that is difficult of direct demonstration. If present, whether demonstrated or not, the judge should, whether the issue is raised on motion or on his own initiative, disqualify himself. Judge Penzien has states *[sic]* that he finds no such personal bias. We are not satisfied from the review of the material that we have reviewed that any such bias is demonstrated or that his acting on the case gives a logical basis to draw an inference of impropriety."

We agree with Judge Theiler that defendant failed to show any actual bias against him on the part of Judge Penzien. Accordingly, his claim must fail. *People v Delongchamps,* 103 Mich App 151, 156; 302 NW2d 626 (1981). See also *People v Potter,* 115 Mich App 125, 135-138; 320 NW2d 313 (1982), in which another panel of this Court rejected another defendant's allegations of bias on the part of Judge Penzien where that defendant's claims were at least as serious as those presented here.

Although defendant raises ineffective assistance

of counsel claims in each appeal, due to the dissimilarities in the factual scenarios of each claim, we will address these claims separately hereinafter.

OTHER ISSUES RAISED IN DOCKET No. 65485

Prior to ruling on defense counsel's motion to prohibit the prosecutor from using defendant's prior convictions for impeachment purposes, the trial court inquired into the content of defendant's testimony. Thereafter, defendant testified before the court outside of the jury's presence.

Defendant testified that he and his brother went to a place frequented by homosexuals with the intention of beating a gay man. Defendant indicated that the victim believed that he was going to engage in homosexual acts with him when, in reality, defendant intended to "beat his ass". Pursuant to a plan worked out with his brother, defendant entered the victim's car and blew the vehicle's horn after he became convinced that the victim was, in fact, a homosexual. Thereafter, defendant's brother got into the victim's car. The victim threw up his hands, began crying, and said, "Don't hurt me. Don't hurt me. Just take whatever you want". Defendant then testified that the victim "gave me a ring".

The court then questioned defendant, who admitted: (1) that he and his brother made it clear to the victim that they intended to "beat his ass" and (2) that he intended to keep the ring which the victim "gave" him. Defendant also said, however, that he and his brother had not gone to the homosexual meeting place where they confronted the victim with the intention of robbing anybody. The court then told defendant that if he were to offer the proposed testimony it would amount to nothing more than a long-winded guilty plea. The

court also indicated, however, that defendant was free to offer this testimony if he wanted to.

Defendant ultimately did not testify. He now argues that the trial court's observation was improper and coerced him into remaining silent. We disagree. Defendant apparently believes his testimony would have shown that he did not possess the requisite intent needed to sustain an unarmed robbery conviction because he allegedly did not go to the location frequented by homosexuals with the intent to steal. However, defendant's original intent in going to the scene of the crime is unimportant so long as he intended to permanently deprive the victim of his property and the taking was accomplished through an assault or threat of violence. See *People v LeFlore,* 96 Mich App 557, 561-563; 293 NW2d 628, *lv den* 409 Mich 927 (1980). We agree with the trial court that defendant's testimony would have been detrimental to his case since it established that defendant did, in fact, intend to keep the victim's property which was given to defendant through the threat of violence. Thus, assuming *arguendo* that it was error for the trial court to comment on defendant's proposed testimony, it was either harmless error or error benefitting defendant, and we need not reverse on this basis.

Defendant next asserts that the trial court erred in failing to instruct on the lesser included offense of larceny from the person. The record shows that defense counsel initially made a written request for instructions on larceny from the person. The transcript shows, however, that defense counsel was later specifically asked by the trial court what lesser included offense she wanted the jury instructed on and she abandoned her request for larceny from the person, stating that she wanted

instructions on attempted unarmed robbery, larceny over $100, and attempted larceny over $100. Since defendant ultimately abandoned his request for an instruction on larceny from the person, the trial court did not err in failing to give such an instruction. *People v Johnson,* 409 Mich 552, 562; 297 NW2d 115 (1980).

Defendant next asserts that the trial court erred in ruling that he could be impeached by the use of a 1976 conviction for larceny from the person and 1972 convictions for larceny in a building and breaking and entering. The court also ruled, however, that defendant's 1975 conviction for armed robbery could not be used for impeachment because of its similarity to the charged offense and that his 1982 absconding conviction could not be used for impeachment because it was not directly related to credibility. In our opinion, the trial court properly exercised its discretion on the record as required by MRE 609(a)(2) and in accordance with the accepted criteria set forth in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978).

Defendant also asserts that he was denied the effective assistance of counsel on the unarmed robbery charge. In this case, defendant contends that his attorney was ineffective in the following particulars: (1) bringing to the jurors' attention during voir dire defendant's physical restraints, (2) making an inadequate opening statement, (3) conducting an inadequate cross-examination of the complainant, (4) delivering an inadequate closing argument, (5) failing to insist upon an instruction on larceny from the person, and (6) failing to move earlier to suppress use of defendant's criminal record for impeachment.

After reviewing the record, and given the case

against defendant, we believe counsel performed "at least as well as a lawyer with ordinary training and skill in the criminal law", *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), and did not make a serious mistake without which the defendant would have had a reasonable likelihood of acquittal, *People v Degraffenreid,* 19 Mich App 702, 718; 173 NW2d 317 (1969).

Counsel took steps to limit the adverse effect of defendant's having to appear in shackles before the jury. During opening statement counsel noted that there would be discrepancies in the prosecution's proofs and cautioned the jury that defendant must be guilty of the crime charged, not just guilty of a crime. She laid out the elements of the offense of unarmed robbery and informed the jury that each of the elements had to be proven beyond a reasonable doubt. Defense counsel challenged the admission of evidence of prior convictions to impeach both defendant and his brother. She directed the court's attention to the relevant factors in ruling on the admissibility of evidence of prior convictions. Counsel desired the testimony of defendant's brother and sought to limit the prosecution's cross-examination of him to matters concerning the initial contact between defendant and the victim. When this attempt was unsuccessful, defense counsel, realizing that his testimony could be very damaging to defendant's case, chose not to have him testify. During closing argument, defense counsel concentrated on the credibility of the prosecution's chief witness, John Douponce. She noted that the two brothers did not steal Douponce's car and concluded her argument by concentrating on the intent element, the weakest link in the prosecution's case.

In Docket No. 65485, defendant finally contends

that insufficient evidence was produced to support the conviction on the habitual offender charge. In fact, defendant's claim really centers on an alleged violation of the corpus delicti rule. Specifically, defendant asserts that the corpus delicti of the habitual offender offense was never established so that it was error to introduce into evidence a tape recording of his plea of guilty to the supplemental information following his conviction on the absconding charge. Defendant relies solely upon the prosecution's alleged failure to identify him as the person convicted of the prior felonies prior to admitting into evidence the recording of his earlier guilty plea.

The corpus delicti of an offense is established by proof which permits a reasonable inference that all of the essential elements of the crime have been perpetrated and proof that *someone's* criminality was responsible for commission of the acts—there need be no proof that a particular person was that "someone" prior to the admission into evidence of a confession. See *People v Conklin,* 118 Mich App 90, 93; 324 NW2d 537 (1982). Here, even if defendant's identity as the perpetrator was not established prior to the admission of the recording of his earlier guilty plea, the corpus delicti of the habitual offender charge had been made out. The recording of defendant's guilty plea was thereafter properly admitted to establish beyond a reasonable doubt his identity as the perpetrator.

### OTHER ISSUE RAISED IN DOCKET No. 65486

Defendant also asserts that he was denied effective assistance of counsel on the absconding charge. As in Docket No. 65485, defendant complains of his attorney's voir dire, which brought defendant's physical restraints to the jury's atten-

tion, the opening argument, and cross-examination of the prosecution witnesses. In addition, defendant asserts that counsel made errors determinative of the outcome of the trial in failing to object to the allegedly irrelevant hearsay testimony of witness Donald Bauer and in failing to insist that the prosecution call David Jankowski, defendant's brother, as a res gestae witness.

Our review of the record convinces us that defense counsel performed adequately and made no errors determinative of the outcome of the trial. *Garcia, supra; Degraffenreid, supra.*

Defendant's convictions in both Docket No. 65485 and Docket No. 65486 are affirmed.