PEOPLE v JOHNSON

Docket No. 84699. Submitted October 22, 1986, at Detroit. Decided
January 20, 1987. Leave to appeal applied for.

James Johnson was convicted of receiving and concealing stolen
property valued at more than $100, following a jury trial in the
Wayne Circuit Court, Marianne O. Battani, J. Defendant was
sentenced to a two-year term of probation, with the first six
months to be served in the county jail. He appealed claiming
that the trial judged abused her discretion in allowing the
prosecution to impeach him, following his testimony on direct
examination, with evidence of a prior conviction for man-
slaughter.

The Court of Appeals *held:*

1. Evidence of a prior conviction is admissible for the purpose
of attacking the credibility of a witness during cross-examina-
tion if the crime for which the witness was previously convicted
was punishable by death or imprisonment in excess of one year
and the trial court determines that the probative value of
admitting this evidence on the issue of credibility outweighs its
prejudicial effect.

2. Factors which the trial judge should weigh in balancing
probative value and prejudicial effect include: (1) the nature of
the prior offense, in particular whether it involved an offense
bearing directly on credibility; (2) whether the prior conviction
was for substantially the same conduct for which the defendant
is on trial, in particular whether the offenses are so closely
related that a jury may infer that because the defendant was
previously convicted he likely committed this crime; and (3) the
effect on the decisional process if the accused does not testify
out of fear of impeachment.

3. In this case, the trial judge did not abuse her discretion in

REFERENCES

Am Jur 2d, Evidence §§ 320-333.

Propriety under Rule 403 of the Federal Rules of Evidence, permit-
ting exclusion of relevant evidence on grounds of prejudice,
confusion, or waste of time, of attack on credibility of witness for
party. 48 ALR Fed 390.

Construction and application of Rule 609(a) of the Federal Rules of
Evidence permitting impeachment of witness by evidence of prior
conviction of crime. 39 ALR Fed 570.

ruling that evidence of defendant's prior conviction for manslaughter was admissible.

Affirmed.

1. EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

Evidence of a prior conviction is admissible for the purpose of attacking the credibility of a witness during cross-examination if the crime for which the witness was previously convicted was punishable by death or imprisonment in excess of one year and the trial court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect (MRE 609).

2. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

Factors which a trial judge should weigh in balancing probative value and prejudicial effect when deciding whether evidence of a defendant's prior conviction is admissible include: (1) the nature of the prior offense, in particular whether it involved an offense bearing directly on credibility; (2) whether the prior conviction was for substantially the same conduct for which the defendant is on trial, in particular whether the offenses are so clearly related that a jury may infer that because the defendant was previously convicted he likely committed this crime; and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Denise Green,* Assistant Prosecuting Attorney, for the people.

*Colista, Urso, Adams & Dettmer* (by *Robert W. Palmer*), for defendant on appeal.

Before: D. F. WALSH, P.J., and M. J. KELLY and C. W. SIMON,* JJ.

PER CURIAM. Defendant, James Johnson, was convicted by a jury of receiving and concealing

* Circuit judge, sitting on the Court of Appeals by assignment.

stolen property valued at more than $100. MCL
750.535; MSA 28.803. The stolen property was a
1978 Chevrolet Corvette automobile. Defendant
was sentenced to two years probation, the first six
months to be served in the county jail.

The issue before us on appeal is whether the
trial court abused its discretion in allowing the
prosecution to impeach defendant with evidence of
a prior conviction for manslaughter. We find no
abuse of discretion and affirm.

Although no motion in limine had been made to
suppress evidence of prior convictions, the prose-
cutor obtained a ruling prior to using defendant's
prior conviction to impeach. Following defendant's
direct testimony, the jury was excused and the
prosecutor requested the court's permission to ask
defendant whether or not he had ever been con-
victed of manslaughter. Defendant's history indi-
cated a charge of assault with intent to murder
and subsequent conviction for manslaughter in
1979. Defense counsel objected on the grounds that
the crime was in no way similar to the crime
charged and that evidence of the prior conviction
would be more prejudicial than probative.

In deciding to allow the evidence, the court
stated:

*The Court:* All right. First of all, I would con-
sider what you said, counsel, indicating man-
slaughter could be many things which would not
in this Court's mind weigh on the credibility of a
witness.

In this case it appears the original charge was
assault with intent to commit murder and the
final conviction and sentencing was on manslaugh-
ter.

The crime is dissimilar. I don't think there is
any chance that the jury will confuse the crimes
or relate it to anything regarding a stolen automo-

bile, but it does go on the issue of credibility and I do believe that the probative value of admitting this on the issue of credibility outweighs its prejudicial effect particularly since it is not similar at all.

There is nothing to indicate it involved any charge with an automobile and I think it is probative of the defendant's credibility. So that may be used.

There is no dispute that the trial judge recognized her discretion to admit or exclude the prior conviction and that she complied with MRE 609(a)(2) by stating on the record the factors considered in her determination of admissibility. See *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974); *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978).

Evidence of prior convictions is especially probative where there is a credibility contest between the defendant and the prosecution's witnesses. *People v Holmes,* 132 Mich App 730, 744-745; 349 NW2d 230 (1984), *People v Carpenter,* 120 Mich App 574, 581; 327 NW2d 523 (1982). MRE 609 provides that evidence of a prior conviction is admissible for the purpose of attacking the credibility of a witness during cross-examination if the crime for which the witness was previously convicted was punishable by death or imprisonment in excess of one year and the trial court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect.

The factors which the judge should weigh in balancing probative value and prejudicial effect include: (1) the nature of the prior offense, in particular whether it involved an offense bearing directly on credibility; (2) whether the prior conviction was for substantially the same conduct for

which the defendant is on trial, in particular whether the offenses are so closely related that a jury may infer that because the defendant was previously convicted he likely committed this crime; and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment. *Crawford, supra,* p 39.

In this case the past offense was a felony punishable by more than one year in prison, MCL 750.321; MSA 28.553, and thus admissible. MRE 609(a)(1). It occurred within ten years of the crime charged. MRE 609(b). The prior conviction was for entirely different conduct than the crime charged, hence unlikely to create prejudice in the minds of the jury. The effect on the decisional process if the accused did not testify is not at issue since defendant testified at trial.

The evidence was clearly admissible under MRE 609. The factors tending to create prejudice were minimal, and defendant's credibility was crucial to resolution of the case. We find no abuse of discretion in the trial court's decision.

Affirmed.