## PEOPLE v JOHNSON

Docket No. 90436. Submitted May 6, 1987, at Grand Rapids. Decided June 1, 1987.

David Lee Johnson was convicted of larceny from a motor vehicle, Calhoun Circuit Court, James C. Kingsley, J. Defendant appealed, alleging error in the court's refusal to grant defendant's request to remove his leg restraints during trial and in allowing use of evidence of defendant's prior conviction for manslaughter for impeachment purposes.

The Court of Appeals *held:*

1. A defendant may be shackled during his trial only where it is necessary in order to prevent the escape of the defendant, to prevent the defendant from injuring those in the courtroom, or to secure a quiet and peaceable trial. While the trial court failed to justify the use of leg restraints, its finding that the jury could not see the restraints rendered the error harmless.

2. The trial court recognized for the record that it had discretion in allowing the use of evidence of the prior conviction for impeachment and considered the appropriate factors. The court did not err in permitting its use.

Affirmed.

1. Criminal Law — Shackling of Defendant.

A defendant may be shackled during his trial only where it is necessary in order to prevent the escape of the defendant, to prevent the defendant from injuring those in the courtroom, or to secure a quiet and peaceable trial.

References

Am Jur 2d, Criminal Law §§ 844-846.

Am Jur 2d, Evidence §§ 320 *et seq.*

Review on appeal, where accused does not testify, of trial court's preliminary ruling that evidence of prior convictions will be admissible under Rule 609 of the Federal Rules of Evidence if accused does testify. 54 ALR Fed 694.

Construction and application of Rule 609(a) of the Federal Rules of Evidence permitting impeachment of witness by evidence of prior conviction of crime. 39 ALR Fed 570.

Propriety and prejudicial effect of gagging, shackling, or otherwise physically restraining accused during course of state criminal trial. 90 ALR3d 17.

2. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

    Factors which a trial judge should weigh in balancing probative value and prejudicial effect when deciding whether evidence of a defendant's prior conviction is admissible include: (1) the nature of the prior offense, in particular whether it involved an offense bearing directly on credibility; (2) whether the prior conviction was for substantially the same conduct for which the defendant is on trial, in particular whether the offenses are so clearly related that a jury may infer that because the defendant was previously convicted he likely committed this crime; and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Jon R. Sahli,* Chief Assistant Prosecuting Attorney, for the people.

*Patricia S. Slomski,* for defendant on appeal.

Before: CYNAR, P.J., and SAWYER and J. S. THORBURN,* JJ.

PER CURIAM. Defendant was convicted, following a jury trial, of larceny from a motor vehicle. MCL 750.356a; MSA 28.588(1). Defendant was sentenced upon the conviction to from 2½ to 5 years in prison. On appeal, defendant raises two issues, neither of which merit reversal.

Defendant first argues that he was denied his right to a fair trial by the trial court's refusal to grant his request to remove his leg restraints during trial. Generally, the use of shackles in the presence of a jury is disfavored, though it is recognized that in certain circumstances it is necessary to prevent escape, to protect bystanders, or to secure a quiet and peaceable trial. This Court discussed the shackling of a defendant in *People v*

* Circuit judge, sitting on the Court of Appeals by assignment.

*Baskin,* 145 Mich App 526, 545-546; 378 NW2d 535 (1985):

> In general, "[f]reedom from shackling and mana-cling of a defendant during the trial of a criminal case has long been recognized as an important component of a fair and impartial trial". *People v Duplissey,* 380 Mich 100, 103; 155 NW2d 850 (1968). Further, such a procedure should be permitted only to prevent the escape of the defendant or to prevent him from injuring those in the courtroom or to secure a quiet and peaceable trial. *Id.,* 103-104.
>
> In the case at bar, we note that the trial court ordered the defendant to be shackled out of concern for the safety of those present in the courtroom. Yet we find no compelling reason that justifies this concern.
>
> Unlike the situation in *People v Jankowski,* 130 Mich App 143, 146-147; 342 NW2d 911 (1983), there was no evidence that the defendant had ever indicated he would not cooperate with the proceedings, no indication that defendant would attempt to escape, and no indication that the courtroom where the trial was conducted presented any more of a security risk than other courtrooms. In fact, the trial court admitted that in all the proceedings where defendant had appeared before him, defendant "certainly conducted himself in the appropriate way." Therefore, we find that in ordering the defendant to be shackled during the jury trial the trial court abused its discretion.

Following voir dire, defendant moved for a mistrial due to the shackling and moved that like restraints not be used thereafter. The trial court denied the motion:

> *The Court:* Well, I will not grant a mistrial. I was aware, from the way Mr. Johnson was walking, that he had the restraints on; but I do not believe they were visible.

> The Record should reflect the fact that the well
> of the court here is separated from the jury by a
> wooden barrier that is approximately three feet,
> three-and-a-half feet high, and I do not believe
> that the existence of the leg-irons would have been
> apparent to the jury.
>
> Now, I understand that Mr. Johnson is under
> the supervision of the Department of Corrections.
> And so it is the ruling of the Court that he need
> not have the leg restraints removed until such
> time as he takes the stand, if he is to take the
> stand. But the jury will be totally out of the
> courtroom. We will take a recess; and, during that
> recess, out of their sight, the leg-irons can be
> removed so Mr. Johnson would be able to walk to
> the stand to testify in an unfettered manner.

While we do not believe that the trial court justified the use of leg restraints during trial since there was no indication on the record before us that defendant was an escape risk or a safety risk, we also believe that the trial court's finding that the jury was unable to see those restraints rendered any error by the trial court harmless. As noted in the quote above, the trial court explained on the record that the design of the courtroom prevented the jury from seeing defendant in shackles. Furthermore, the trial court provided that, if defendant were to take the stand, appropriate measures would be taken to have the shackles removed outside the presence of the jury and to allow defendant to walk to the stand unfettered. Since there is nothing on the record to suggest that the trial court is incorrect in its conclusion that the jury could not see the shackles, we conclude that defendant was not prejudiced by the trial court's ruling. We caution, however, that it is the unique circumstances of this case which permit affirmance rather than our approval of shackling of defendants during jury trials.

Defendant's next argument is that the trial court erred by denying defendant's motion to suppress evidence of his prior felony convictions and by failing to articulate on the record the reason for the trial court's ruling. Defendant had two prior felony convictions, a 1978 conviction for manslaughter and a 1985 conviction for assault with intent to do great bodily harm less than murder. The trial court permitted the use of the manslaughter conviction for impeachment purposes, but denied the use of the assault conviction. The factors to be considered in permitting the use of prior convictions for impeachment were stated by this Court in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978):

> (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a "bad man" or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?).

In ruling on the motion to suppress the prior convictions, the trial court stated the following:

> *The Court:* Well, both of these are assaultive offenses. The one that occurred after this particular charge [the assault conviction]—I will not permit to be used.

I am aware that, under Rule 609, it is discretionary with the Court; but it seems to me, first of all, that it is within the ten-year limit. Secondly, it is punishable by more than one year, even though it does not involve theft, dishonesty or false statement.

I understand that it might chill his decision to testify, but I do believe that the probative value of admitting this evidence on the issue of credibility alone—and I will so instruct the jury, both at the time and at the end of the trial—outweighs its prejudicial effect.

So I will permit the manslaughter conviction to be used.

While the trial court's ruling may have been somewhat terse, it is clear that the trial court recognized that it had discretion in allowing the use of the evidence of the prior convictions and that it considered the appropriate factors in rendering its decision. While the trial court could have articulated in somewhat greater detail, we believe that the trial court's articulation was sufficient.

Turning to the question whether the trial court erred in the admission of the evidence of the prior conviction, we note that a panel of this Court recently considered a similar question and ruled in favor of the admission of the evidence. In *People v Johnson,* 157 Mich App 248; 403 NW2d 533 (1987), this Court considered the admissibility of evidence of a prior conviction for manslaughter at a trial for receiving and concealing stolen property valued at more than $100.[1] The *Johnson* Court concluded that evidence of that the prior conviction for manslaughter could be used to impeach the defendant:

In this case the past offense was a felony punish-

[1] MCL 750.535; MSA 28.803.

able by more than one year in prison, MCL 750.321; MSA 28.553, and thus admissible. MRE 609(a)(1). It occurred within 10 years of the crime charged. MRE 609(b). The prior conviction was for entirely different conduct than the crime charged, hence unlikely to create prejudice in the minds of the jury. The effect on the decisional process if the accused did not testify is not at issue since defendant testified at trial.

The evidence was clearly admissible under MRE 609. The factors tending to create prejudice were minimal, and defendant's credibility was crucial to resolution of the case. We find no abuse of discretion in the trial court's decision. [157 Mich App 252.]

While we note that defendant in the instant case chose not to testify on his own behalf, we are in accord with the ruling in the *Johnson* case that evidence of a prior conviction for manslaughter is admissible for impeachment purposes in a subsequent trial for a larceny-type offense. Accordingly, we do not believe that the trial court erred in refusing to suppress defendant's prior conviction for manslaughter.

Affirmed.